IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN MACLIN #S13329,<br>　　　　　　Plaintiff,<br><br>vs.<br><br>KIMBERLY BUTLER,<br>D.D.,<br>JOHN DOE 1,<br>JOHN DOE 2,<br>BEEBOP, and<br>MENARD CORRECTIONAL CENTER<br>INTERNAL AFFAIRS SUPERVISOR,<br><br>　　　　　　Defendants. | CIVIL NO. 16-cv-814-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, an inmate at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks equitable relief and damages for deprivations of his constitutional rights. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> 　　(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> 　　(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id* . At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

On March 9, 2016, Plaintiff was told by John Doe 1 to pack his property because he was going to segregation. (Doc. 1, p. 2). On March 11, 2016, John Doe 2 came to Plaintiff's cell to administer a urine analysis test, which allegedly came back negative for illegal substances. (Doc. 1, p. 2). In spite of the negative test, Plaintiff remained in segregation. Plaintiff asked Defendant Beebop on March 18, March 25, and April 4, 2016, why he was still in segregation, but Beebop refused to take any action. (Doc. 1, p. 2). Plaintiff then wrote an emergency grievance and a grievance on lined paper on April 12, 2016. (Doc. 1, p. 2). He was released from segregation on April 14, 2016. (Doc. 1, p. 2). Defendant Butler rejected Plaintiff's emergency grievance on

April 16, 2016. (Doc. 1, p. 2). Defendant D.D. rejected Plaintiff's handwritten grievance on April 20, 2016, for failure to use the proper grievance form. (Doc. 1, p. 12).

Plaintiff alleges that as a result of the failure to release him from segregation, he lost privileges, including audio/visual privileges, phone calls, and the ability to eat in community and attend religious services. (Doc. 1, p. 3). He also was housed in a smaller cell and had fewer recreational opportunities. (Doc. 1, p. 3).

Based on the allegations of the Complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Defendants John Doe 1, John Doe 2, Beebop, and the Menard Internal Affairs supervisor violated Plaintiff's rights under the Eighth and Fourteenth Amendments when they did not promptly release Plaintiff from segregation;
>
> **COUNT 2:** Defendants John Doe 1 and John Doe 2 failed to properly issue Plaintiff an investigative report regarding their conduct towards Plaintiff;
>
> **COUNT 3:** Defendants Butler and D.D. improperly denied Plaintiff's grievances, thus causing him to spend more time in investigative segregation.

### DISCUSSION

Plaintiff has no due process claim based on his time in segregation, and therefore this action must be dismissed. Illinois statutes and correctional regulations do not place limitations on the discretion of prison officials to place inmates in administrative segregation, including investigative or temporary lockdown or confinement and involuntary protective custody; accordingly, there is no liberty interest implicated by an inmate's placement in these forms of segregation. *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995); *Pardo v. Hosier*, 946 F.2d

1278, 1281-84 (7th Cir. 1991); *Kellas v. Lane*, 923 F.2d 492, 494-95 (7th Cir. 1991); *see generally Sandin v. Conner*, 515 U.S. 472, 483 (1995).

While Plaintiff's allegations, which the Court takes as true, are unfortunate, "being placed in segregation is too trivial an incremental deprivation of a convicted prisoner's liberty to trigger the duty of due process." *Holly v. Woolfolk,* 415 F.3d 678, 679 (7th Cir. 2005), *citing Sandin v. Conner,* 515 U.S. 472, 485–86 (1995); *Paige v. Hudson,* 341 F.3d 642, 643 (7th Cir. 2003). An inmate has no due process liberty interest in remaining free from administrative segregation because such segregation does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484; *Montgomery v. Anderson,* 262 F.3d 641, 643 (7th Cir. 2001). An inmate also has no liberty interest in remaining in the general prison population. *Williams v. Ramos,* 71 F.3d 1246, 1248 (7th Cir. 1995). Administrative segregation placement for the purposes of institutional safety and security does not trigger a due process right to a hearing. *See Higgs v. Carver,* 286 F.3d 437, 438 (7th Cir. 2002). Thus Plaintiff's claims that he was placed in segregation for 36 days without receiving formal discipline do not state a claim upon which relief can be granted.

Plaintiff has alleged that the prison guards also violated the Illinois Administrative Code by failing to issue a disciplinary or investigative report. Even if officials violated departmental rules, the matter does not implicate the Constitution. Violations of state law are not, in and of themselves, actionable as constitutional violations. *See, e.g., Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003) (explaining that Section 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations); *Archie v. City of Racine,* 847 F.2d 1211, 1216–17 (7th Cir. 1988) (a violation of state law does not give rise to an actionable § 1983 claim unless it independently violates the Constitution or federal law). Plaintiff's due process claim relating to

his placement in segregation on the basis of an incident that was never subject to formal discipline is accordingly dismissed.

Because there is no underlying constitutional violation, Plaintiff's claims against Defendants Butler and D.D. must also fail. *See Harper v. Albert,* 400 F.3d 1052, 1064 (7th Cir. 2005) ("In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation."). A plaintiff may state a claim for failure to intervene by showing that "any constitutional violation has been committed by a law enforcement official; and the [defendant] had a realistic opportunity to intervene to prevent the harm from occurring." *Yang v. Hardin,* 37 F.3d 282, 285 (7th Cir. 1994) (emphasis omitted). Where there is no due process claim, there can be no claim for failure to intervene in the alleged due process violation.

## DISPOSITION

The Court finds that the facts alleged by Plaintiff do not state a claim upon which relief could be granted, and further, that Plaintiff could not plead facts that would make these claims viable.

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 9, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**