IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN MACLIN,                )<br>                                                    )<br>           Plaintiff,                        )<br>                                                    )<br>vs.                                              )<br>                                                    )<br>KIMBERLY BUTLER,          )<br>BEEBOP, and                            )<br>UNKNOWN PARTIES,      )<br>                                                    )<br>           Defendants.                  )  | Case No. 16−cv−0814−NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Jonathan Maclin originally filed this action on July 19, 2016, alleging that his constitutional rights were violated when he was confined in administrative segregation and given a urine analysis test. (Doc. 1). On September 9, 2016, the Court dismissed the action for failure to state a claim upon which relief may be granted. (Doc. 5). On December 16, 2016, Plaintiff filed a "Response to Summary Judgment" (Doc. 8) and a Request for Admissions (Doc. 9).

Plaintiff's Request for Admissions will be stricken from the docket. This case was closed, and service was never ordered on Defendants. Plaintiff cannot conduct discovery against Defendants because the Court has determined that he has not stated a claim against them. Having a pending claim is what entitles Plaintiff to discovery, and in the absence of one, he cannot request that Defendants admit or deny anything.

Plaintiff's Response to Summary Judgment requires more analysis. As Defendants were never served with Plaintiff's Complaint, a motion for summary judgment was never filed. The Court assumes that Plaintiff is trying to bring a Motion to Reconsider the Court's judgment

1

dismissing his case. The Court will thus construe Plaintiff's Motion as one made pursuant to Federal Rule of Civil Procedure 59 and/or Federal Rule of Civil Procedure 60.

## Discussion

The Federal Rules of Civil Procedure do not explicitly contemplate motions to reconsider. The Seventh Circuit has approved of district courts construing motions pursuant to the standards in Rule 59(e) or Rule 60(b), however, if it appears a party is requesting relief available under those rules. *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992) ("Though [Deutsch] fails to cite any rule as the basis for his motion, the fact that it challenges the merits of the district court's decision means that it must fall under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.").

Rule 59(e) provides a basis for relief where a party challenges the Court's application of the law to the facts of the case. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174-76 (1989) (concluding that Rule 59(e) was intended to apply to the reconsideration of matters encompassed within the merits of a judgment); *McKinney v. United States*, No. 05-345, 2008 WL 2557470, at *2 (S.D. Ill. June 24, 2008). While Rule 59(e) permits a district court to exercise its discretion to correct its own errors, sparing the time and expense of further proceedings at the appellate level, *Divane v. Krull Elec. Co. Inc.*, 194 F.3d 845, 848 (7th Cir. 1999), "ill-founded requests for reconsideration of issues previously decided . . . needlessly take the court's attention from current matters." *Berger v. Xerox Ret. Income Guar. Plan*, 231 F.Supp.2d 804, 820 (S.D. Ill. 2002). Typically, Rule 59(e) motions are granted upon a showing of either newly discovered evidence not previously available or evidence in the record that clearly establishes a manifest error of law or fact. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001). "'[M]anifest error' is not

2

demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected during the summary judgment phase. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006); *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004); *Oto*, 224 F.3d at 606.

Rule 60(b) contains a more exacting standard than Rule 59(e), although it permits relief from a judgment for a number of reasons including mistake or "any other reason justifying relief from the operation of judgment." FED. R. CIV. P. 60(b). In contrast to Rule 59(e), however, legal error is not an appropriate ground for relief under Rule 60(b). *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) ("A contention that the judge erred with respect to the materials in the record is not within Rule 60(b)'s scope, else it would be impossible to enforce time limits for appeal."). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St., Chicago Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997).

A motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would

be construed as Rule 59(e) motions- no longer applies")). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order, "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

Here, Plaintiff filed his "Response" more than three months after the dismissal of his case. This is well past the 28 day deadline imposed by Rule 59(e), thus the Court will evaluate Plaintiff's response pursuant to Rule 60(b).

Plaintiff argues that the Court can only dismiss a case on three grounds: (1) that the claims lack merit; (2) Plaintiff failed to exhaust administrative remedies; and (3) Plaintiff's claim is barred by the statute of limitations. (Doc. 8). Putting aside the correctness of that statement overall, the Court did not dismiss this action because it believed Plaintiff failed to exhaust his remedies or on statute of limitations grounds. The Court dismissed this action because it found that Plaintiff had failed to state a claim upon which relief may be granted. Plaintiff's arguments that his case has merit are legal arguments. These kinds of arguments are unavailing pursuant to Rule 60(b). And, even if they were, Plaintiff has merely repeated arguments he made in his Complaint that the Court rejected; he has not pointed to a specific legal error that would entitle him to relief. He also has not identified any extraordinary circumstances that would justify relief. As Plaintiff has not met the standard under Rule 60(b), to the extent that his "Response" (Doc. 8) can be construed as a motion made pursuant to that Rule, it is denied.

**Disposition**

For the reasons set forth above, Plaintiff's "Response to Summary Judgment" (Doc. 8), to the extent that it requests any relief that could be granted, is **DENIED**. The Clerk of Court is **DIRECTED** to **STRIKE** Plaintiff's requests for admissions (Doc. 9) from the record.

IT IS SO ORDERED.

DATED:  December 22, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**